George GRAFF, Plaintiff-Appellee,

v.

Samuel NIEBERG, Defendant-Appellant (two cases).

Nos. 12476, 12477.

United States Court of Appeals
Seventh Circuit.

April 29, 1959.

William J. Becker, Clayton, Mo., Harold A. Donovan, East St. Louis, Ill., J. M. Willemin, Clayton, Mo., for Nieberg.

C. E. Heiligenstein, Philip G. Listeman, James H. Bandy, East St. Louis, Ill., for Graff.

Before DUFFY, Chief Judge, and HASTINGS and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

Samuel Nieberg, defendant below, has appealed from a judgment against him in the sum of $37,261.42 following a bench trial in the District Court. He

relies for reversal on alleged errors arising "out of failure of the District Court to properly apply Missouri law as to the liability of the defendant and findings of fact contrary to the evidence."

The plaintiff, George Graff, filed notice of cross-appeal from the order of the District Court denying his motion to enlarge the judgment to include interest. He has abandoned his cross-appeal, however, and has informed this Court on oral argument that he believes the District Court ruled correctly in denying pre-judgment interest. Appeal No. 12477 is, therefore, a vacuity and requires no consideration.

Nieberg was one of the incorporators and president of Sun Amusement Corporation which, by written instrument dated April 15, 1950, leased from the owner Graff certain improved real estate in St. Louis, Missouri. Sun Amusement was organized for the specific purpose of operating the theatre property included in the lease. It was to make substantial alterations and improvements on the leased premises, which would become part of the real estate, and agreed, by the terms of the lease, to keep the real estate free and clear of statutory mechanics' and materialmen's liens. The lease provided also that for the purpose of protecting Graff it would not take effect until an undertaking had been executed by Nieberg and others to save Graff harmless from all statutory mechanics' and materialmen's liens; on demand, to pay all sums necessary to discharge any such liens, or furnish adequate security for the payment thereof.

Simultaneous with the execution of the lease such an undertaking was so signed and delivered to Graff. It is the instrument on which this action is based.

Within four months after the execution of the lease and indemnity it became apparent that the theatre venture was doomed to financial failure. Sun Amusement was unable to pay the stipulated rent and numerous unpaid bills for material and labor had begun to accumulate. Notices of lien claims against the real estate were served on Graff and he, in turn, demanded of Nieberg that the lien claimants be paid or adequate security for the payment thereof be furnished. Nieberg did neither stating to Graff "the work was done, the claims are O.K., the money is owing"; that "he was broke and that's your problem, George"; and thereby committed a breach of the indemnity contract.

Thereafter, on September 14, 1950, Graff served notice on Sun Amusement of forfeiture of the lease for nonpayment of rent.

On November 18, 1950 suit was filed by various lien claimants. Sun Amusement did not contest the claims and Nieberg admitted their validity. Other lien claimants intervened in the suit from time to time whereby the total amount of liens claimed was $37,261.42, as stipulated by the parties.

On or about January 25, 1951 Nieberg and his wife left St. Louis, Missouri for Florida. Upon their arrival they took up residence in Florida where they have since resided.

Thereafter, under pressure from the mortgagee because of the unpaid lien claims, Graff found a buyer and entered into a contract to sell the real estate for the sum of $146,500, $100,000 of which was to be retained by the purchaser for the payment of all liens and claims to give clear title. However, if the $100,000 was not adequate Graff had to pay the over amount but if more than sufficient Graff was entitled to no rebate.

The District Court found that the sum of $37,261.42 was deducted from the sale price of the real estate for the lien claims; that Graff's loss was the full amount of the lien claims; and Nieberg was indebted to Graff in the amount of $37,261.42.

These findings are not contrary to the evidence, as contended by Nieberg, but are in complete harmony with and

supported by the evidence, which is not only substantial but uncontradicted.

The undisputed evidence clearly establishes that Nieberg breached the indemnity contract prior to forfeiture of the lease; that the indemnitors were liable to save Graff "harmless from any statutory mechanics' and materialmen's liens upon the building and real estate described in said lease, incurred by reason of the making of the installations and improvements to the said property described in said lease;" and that Graff suffered a loss of $37,261.42 by reason of Nieberg's breach. Under the law of Missouri Nieberg was, therefore, liable to Graff in the sum of $37,261.42. See Moberly v. Leonard, 1936, 339 Mo. 791, 99 S.W.2d 58.

Finally Nieberg contends that as the purchaser settled the $37,261.42 of lien claims for $25,947.43 Nieberg's liability to Graff would be limited to $25,-947.43 and asserts in his brief that "[a]bsent any testimony to the contrary, and in the light of the foregoing, we are forced to conclude that the plaintiff obtained the benefit of these settlements and the court erred in measuring the amount involved in the action." The fallacy of this reasoning is that the record instead of being absent such evidence contains undisputed testimony that Graff received none of the benefit of these settlements.

The District Court found that:

"The reduction of the amounts paid the lien claimants under the assignment was not a savings to the plaintiff but went to the purchaser of the property."

This finding is supported by the uncontradicted evidence.

Far from being erroneous the findings of the District Court are clearly correct and the conclusions of law accurately stated thereon.

The judgment is affirmed.